IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                        4:05-CR-00122-WRW-01

FELICIA MARIE BALENTINE

**ORDER**

Pending is Defendant's Motion on Restitution (Doc. No. 39) in which Defendant asks the Court not to enter a restitution order. The Prosecution has responded (Doc. No. 43). For the reasons set out below, Defendant's Motion is DENIED.

**I. BACKGROUND**

On October 12, 2005, Defendant pled guilty to violating 18 U.S.C. § 2113(a).[1] Defendant was sentenced on February 17, 2006,[2] and a judgment was entered on February 21, 2006.[3]

The presentence report set out that the victim sustained a monetary loss of $146,870.92, that authorities recovered $128,194.92, and that the victim sustained other damages totaling $8,987.84 ("Itemized Restitution").[4] The report stated that restitution in the amount of $27,663.84 ($18,676.00 cash loss plus $8,987.84 for Itemized Restitution) was mandatory under

---

[1] Doc. No. 22. During the change of plea hearing, Defendant acknowledged that restitution was due in the amount of $18,676.00. Change Of Plea Tr., 10 at 5-11, Oct. 12, 2005.

[2] Doc. No. 24.

[3] Doc. No. 25.

[4] Doc. No. 26.

1

the Antiterrorism and Effective Death Penalty Act of 1996.[5] In connection with restitution, Defendant objected "to the amount of restitution and contend[ed] the amount of restitution should be $18,676."[6]

At the sentencing hearing on February 17, 2006,[7] the Court asked to hear from Defendant about the proposed restitution.[8] Defendant's attorney stated that:

> [i]n regards to the restitution, there is [sic] some incidental fees that are included in the amount of restitution that basically I was looking for some other proof other than somebody just telling me how much this was going to be, and to date, I have not received or seen anything that justifies those extra expenses.[9]

The Court then discussed the Itemized Restitution with both Defendant's attorney and the Prosecution.[10] The Court directed the Prosecution to submit invoices in connection with the alleged losses by "a week from Tuesday."[11] Neither the Defense nor the Prosecution questioned the cash loss restitution amount of $18,676.00.

---

[5]*Id*. After the authorities recovered $128,194.92, the amount of monetary loss was $18,676.00.

[6]Doc. No. 26. Defendant did not object to restitution in the amount of $18,676.00, only to the restitution amount $8,987.84 in connection with other damages.

[7]Doc. No. 24.

[8]Sentencing Tr., 4 at 4-5, February 17, 2006.

[9]Sentencing Tr., 4 at 8-13.

[10]Sentencing Tr., 4-8.

[11]Sentencing Tr., 8 at 20.

Later in the hearing, the Court imposed conditions on Defendant's supervised release, including that Defendant must disclose financial information to the probation office,[12] and stated "I will enter the restitution order as soon as I get the information from [the Prosecution] and get a reply from [Defendant]."[13] The Court added "[Defendant] will be required during incarceration to pay 50 percent per month of all funds that are available to her towards this restitution. During community confinement, if there is community confinement, payments will be reduced to 10 percent of the defendant's gross monthly income, and that will continue until she has paid the restitution in full."[14] Judgment was entered on February 21, 2007.[15]

Apparently, the Prosecution provided Defendant the invoices in question on or before March 8, 2006.[16] Defendant responded by letter dated March 8, 2006, setting out what she believed were the correct Itemized Restitution amounts.[17]

---

[12]Sentencing Tr., 21 at lines 12-17. "She'll disclose financial information on request of the probation office, which includes, but is not limited to, loans, lines of credit, and tax returns. This also includes records of any business with which the defendant is associated. No new lines of credit can be established without prior approval of the U.S. Probation Office."

[13]Sentencing Tr., 21 at lines 18-20.

[14]Sentencing Tr, 21-22 at lines 21-1.

[15]Doc. No. 25. The Judgment reflects that the amount of restitution was held open, but does not specify until when. *Id*. The Judgment reads "[t]he determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (A0 245C) will be entered after such determination." *Id*. The Judgment also sets out special instructions regarding the payment of criminal monetary penalties. *Id*.

[16]Doc. No. 43, Ex. 1.

[17]*Id*.

On February 1, 2008, Defendant filed a motion asking the Court not to enter a restitution order, as the time limit for ordering restitution under 18 U.S.C. § 3664 expired.[18] The Prosecution responded, arguing that the Court impliedly ordered restitution by reading out the special instructions regarding payment.[19] The Prosecution also asserts that defense counsel never questioned the cash loss restitution amount -- the only amount in question was the Itemized Restitution.[20] Lastly, the Prosecution withdrew the request for the Itemized Restitution.[21]

## II. DISCUSSION

Under the Mandatory Victims Restitution Act of 1996 ("MVRA"),[22] a court must order restitution to the victims of certain crimes.[23] The procedure for issuing and enforcing orders of restitution is governed by 18 U.S.C. § 3664.[24] Under that section, a court is generally required to

---

[18]Doc. No. 39.

[19]Doc. No. 43.

[20]*Id*.

[21]*Id*. Apparently, the Prosecution misplaced Defendant's file for some period of time, likely due to a change of offices. *Id*. Because the file was misplaced, the Prosecution was not able to produce the original invoices upon request. *Id*. Despite having later found the relevant documents, including Defendant's letter response showing that Defendant had received the original receipts, the Prosecution still waives its request for Itemized Damages. *Id*.

[22]Codified in relevant part at 18 U.S.C. §§ 3663A, 3664.

[23]18 U.S.C. § 3663A.

[24]18 U.S.C. § 3664. That section reads, in relevant part:

(d)(1) Upon the request of the probation officer, but not later than 60 days prior to the date initially set for sentencing, the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution.

(d)(5) If the victim's losses are not ascertainable by the date that is 10 days prior to

make a final determination of a victim's losses no later than 90 days after sentencing.[25] The statute does not state that a court must enter a final restitution order no later than 90 days after sentencing, but reads "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."[26] While the Eighth Circuit has not ruled on this issue, other Circuits have held that the language of § 3664(d)(4) requires a court to enter a restitution order within 90 days of sentencing.[27]

Congress intended for victims to be made whole under the MVRA. Senate Report 104-179 contains the legislative history for the MVRA.[28] That report reads: "[i]t is the committee's intent that courts order full restitution to all identifiable victims of covered offenses . . . ."[29] The report also says that "[i]t is essential that the criminal justice system

---

sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

[25] 18 U.S.C. § 3664(d)(5). If further losses are discovered, a victim may petition the court for an amended restitution order within 60 days of the discovery of the loss.

[26] *Id.*

[27] *United States v. Cheal*, 389 F.3d 35, 48 n.14 (1st Cir. 2004) (agreeing with courts finding that the 90-day limit applies to entering an order for restitution, but noting that other parts of § 3664 distinguish between the determination of the amount of restitution and a restitution order); *United States v. Stevens*, 211 F.3d 1, 5 (2d Cir. 2000); *United States v. Jolivette*, 257 F.3d 581, 584 (6th Cir. 2001); *United States v. Grimes*, 173 F.3d 634, 639-40 (7th Cir. 1999); *United States v. Maung*, 267 F.3d 1113, 1121 (11th Cir. 2001).

[28] H.R. Conf. Rep. 104-518, at 111-12 (1996).

[29] S. Rep. No. 104-179, at 18.

recognize the impact that crime has on the victim, and, to the extent possible, ensure that offender be held accountable to repay these costs."[30] "The committee believes that . . . justice cannot be considered served until full restitution is made."[31] Strictly barring a court from entering a restitution order more than 90 days after sentencing would frustrate Congress's intent that courts order full restitution.

The Committee also addressed due process issues in connection with the MVRA. The Committee noted that "the issuance of a restitution order is an integral part of the sentencing process that is to be governed by the same, but no greater, procedural protections as the rest of the sentencing process."[32] With respect to sentencing and time limits, Federal Rule of Criminal Procedure 32(b)(2) reads: "Changing Time Limits. The court may, for good cause, change any time limits prescribed in this rule."[33] The United States Supreme Court has observed that "limitations periods generally" are subject to tolling.[34] Further, the committee stated that the "sole due process interest of the defendant being protected during the sentencing phase is the right not to be sentenced on the basis of invalid premises or inaccurate information."[35]

---

[30]*Id.*

[31]*Id.* at 20.

[32]*Id.*

[33]Fed. R. Crim. P. 32(b)(2).

[34]*Carlisle v. United States*, 517 U.S. 416, 435 (1996) (Ginsburg, J., concurring) (noting that in connection with Federal Rules of Criminal Procedure 29(c) and 45(b) "constraint is not utterly exceptionless").

[35]S. Rep. No. 104-179, at 18.

The Eighth Circuit has not ruled under which circumstances, if any, a court may impose an order for restitution beyond 90 days after sentencing. There is a split among the Circuits that have addressed this issue. A majority of the Circuits that considered the question found that the 90-day limit will not bar an order for restitution, at least in certain circumstances.[36] The Sixth Circuit, however, held that when the "90-day clock runs out, the judgment of conviction and sentence, including the restitution provision, becomes final by operation of the statute."[37]

A. The Majority

The Circuits that found that a court may impose restitution outside of § 3664(d)(5)'s 90-day limit have based their decisions largely on one of two lines of reasoning -- that imposing restitution beyond the 90-day limit is harmless error absent prejudice to the defendant,[38] and that a defendant's own actions can justify equitable tolling.[39]

---

[36]*United States v. Cheal*, 389 F.3d 35, 47(1st Cir. 2004), *United States v. Zakhary*, 357 F.3d 186, 191 (2d Cir. 2004), *United States v. Johnson*, 400 F.3d 187, 199 (4th Cir. 2005), *United States v. Moreland*, 509 F.3d 1201, 1223 (9th Cir. 2007), *United States v. DeAngelis*, 243 Fed. Appx. 471, 475-76 (11th Cir. 2007), *United States v. Terlingo*, 327 F.3d 216, 220 (3d Cir. 2003), *United States v. Dando*, 287 F.3d 1007, 1011 (10th Cir. 2002).

[37]*United States v. Jolivette*, 257 F.3d 581, 584 (6th Cir. 2001). See also *United States v. Farr*, 419 F.3d 621 (7th Cir. 2005) (vacating a restitution order entered three years after sentencing).

[38]See *United States v. DeAngelis,* 243 Fed. Appx. 471, 475-476 (11th Cir. 2007) (cert denied 128 S. Ct. 1097 (2008), *United States v. Johnson*, 400 F.3d 187 (4th Cir. 2005), *United States v. Moreland*, 509 F.3d 1201 (9th Cir. 2007), *United States v. Zakhary*, 357 F.3d 186 (2d Cir. 2004), *United States v. Cheal*, 389 F.3d 35 (1st Cir. 2004);

[39]*United States v. Terlingo*, 327 F.3d 216, 220 (3d Cir. 2003) (surveying cases from multiple jurisdictions), *United States v. Dando*, 287 F.3d 1007, 1008 (10th Cir. 2002).

1. <u>Harmless Error</u>

In *United States v. Cheal*, the district court's judgment deferred determining restitution until a later, specified date.[40] The district court ultimately entered an amended judgment and order 127 days after sentencing, directing the defendant to pay restitution.[41] The defendant appealed the district court's restitution order, asserting that the order was untimely under § 3664(d).[42] The First Circuit looked to the legislative history of the MVRA, as well as other Circuits' decisions, in finding that ordering restitution was consistent with the purpose of the MVRA, and that ordering restitution after the 90-day limit was not plain error.[43]

The Second Circuit found that the purpose behind the 90-day limit was not to protect defendants, but to protect the victims against the possibility of a defendant squandering assets.[44] "As this court has now twice explained, the purpose behind the statutory ninety-day limit on the determination of victim's losses is not to protect defendants from drawn-out sentencing proceedings, or to establish finality; rather, it is to protect crime victims from the willful dissipation of defendants' assets."[45] The Second Circuit also found that absent prejudice to the defendant, imposing restitution outside of the 90-day limit was harmless error.

---

[40] 389 F.3d 35, 47 (1st Cir. 2004).

[41] *Id.*

[42] *Id.* at 47-48.

[43] *Id.* at 49.

[44] *United States v. Zakhary*, 357 F.3d 186, 191 (2d Cir. 2004), *cert denied* 541 U.S. 1092 (2004).

[45] *Id.* (citations omitted).

In *United States v. Uhrich*, the Fourth Circuit found harmless error where restitution information was not included in the defendant's presentence report and the court apparently did not comply with the 90-day rule.[46] The Fourth Circuit also pointed out that the purpose behind the 90-day limitation was not to protect defendants, but to protect victims.[47]

The Ninth Circuit, in *United States v. Moreland*,[48] found that the District Court's error in failing to comply with section 3664(d)(5)'s 90-day limit was harmless.[49] The Ninth Circuit pointed out that it previously ruled that other time limits in § 3664 were procedural, rather than jurisdictional, and found that the 90-day limit in § 3664(d)(5) was procedural, as well.[50] The Ninth Circuit also pointed out that "[i]f a district court's jurisdiction to order restitution did terminate after 90 days, the time limitation would 'effectively nullify[ ]' the provision allowing for consideration of later-discovered losses."[51]

In *United States v. DeAngelis*, the Eleventh Circuit found harmless error where a judge made an oral restitution order, but did not enter judgment until after 90-days beyond sentencing.[52]

---

[46]*United States v. Uhrich*, 228 Fed. Appx. 248, 258-59 (4th Cir. 2007).

[47]*Id*. See also *United States v. Johnson*, 400 F.3d 187, 199 (4th Cir. 2005) (restitution ordered more than 90 days after sentencing harmless error absent prejudice to defendant).

[48] 509 F.3d 1201, 1223 (9th Cir. 2007).

[49]*Id*. at 1224.

[50]*Id*.

[51]*Id*. (citation omitted).

[52]*United States v. DeAngelis*, 243 Fed. Appx. 471, 475-76 (11th Cir. 2007).

2. Defendant's Actions

The Third Circuit found that the 90-day limit could be tolled when a defendant's actions contributed to the delay in a court entering a restitution order, even where the defendant did not act in bad faith.[53] "[B]ecause equitable tolling is generally available in situations in which, in its absence, there will be a harsh or unjust result, that even in the absence of any bad faith behavior the statute must be equitably tolled when the delay is caused in significant part by the defendant."[54] The Third Circuit held that the district court did not err in tolling the 90-day limit.[55]

In *United States v. Dando*, the district court at sentencing did not set a date for determining the amount of restitution.[56] The judgment entered also did not order restitution.[57] A little over a month after the sentencing hearing, the prosecution requested the court to amend the judgment to include restitution; the defendant opposed the motion.[58] The court held a hearing on the prosecutions's motion, and the defendant requested a continuation.[59] Restitution was

---

[53]*United States v. Terlingo*, 327 F.3d 216, 220 (3d Cir. 2003) (surveying cases from multiple jurisdictions).

[54]*Id*. at 222.

[55]*Id*.

[56]287 F.3d 1007, 1008 (10th Cir. 2002).

[57]*Id*.

[58]*Id*.

[59]*Id.*

10

ultimately ordered nearly six months after sentencing.[60] The Tenth Circuit held that the district court had jurisdiction to enter the restitution order outside of the 90-day time limit, as the defendant's actions had tolled the period.[61]

B. The Minority

The Sixth Circuit held that the restitution provision of a judgment becomes final after 90 days under section 3664(d)(5).[62] The Sixth Circuit reasoned that ambiguities in criminal statutes must be resolved in favor of the criminal defendant, and found that because there was not a timely determination of the restitution amount, the judgment entered contained no enforceable restitution provision, and the time for determining the amount of restitution had passed.[63]

In *United States v. Farr*, the Seventh Circuit vacated a restitution order entered more than three years after sentencing.[64] The court found that the time limitations is 3664(d)(5) were unambiguous, and that Congress could not have intended that district courts be allowed to enter restitution orders at any time.[65] The court did not determine which standard of error should be applied in cases where a district court did not comply with the time limits of 3664(d)(5) because

---

[60]*Id*. at 1008-09.

[61]*Id*. at 1011.

[62]*United States v. Jolivette*, 257 F.3d 581, 584 (6th Cir. 2001). An earlier Sixth Circuit case, *United States v. Vandeberg*, 201 F.3d 805, 814 (6th Cir. 2000) set out that the provisions of 3664(d)(5) are not jurisdictional, and held that the district court not providing the defendant an opportunity to object to a restitution amount within 3664(d)(5)'s 90-day limit was harmless error. The Sixth Circuit did not mention *Vandeberg* in the *Jolivette* opinion.

[63]*Id*. (citing *Staples v. United States*, 511 U.S. 600, 619, n.17 (1994)).

[64]419 F.3d 621 (7th Cir. 2005).

[65]*Id*. at 625.

11

the issue "has not been sufficiently raised here."[66] Other Seventh Circuit precedent has suggested that the time limits in section 3664 "can sometimes be bent."[67]

C. <u>This Case</u>

I adopt the reasoning of the Majority. The MVRA's legislative history clearly shows that the focus of the act is the victim. Section 3664(d)(5)'s 90-day time limit is procedural, and does not divest a court of its jurisdiction to enter a restitution order more than 90 days after sentencing. This is consistent with the committee's statement that the issuance of a restitution order is entitled to the same, but not greater, procedural protections as the rest of the sentencing process, since a court may, for good cause, change any time limit in Federal Rule of Criminal Procedure 32.

Defendant pled guilty to a crime where restitution is mandatory.[68] Defendant never disputed that the victim of her crime suffered a cash loss in the amount of $18,676.00. On the contrary, Defendant contended that the amount of restitution was $18,676.00.[69] It is clear from the transcript of the sentencing hearing that the Court deferred setting the amount of restitution until the Itemized Restitution amount had been determined. The Court implicitly ordered the cash restitution amount -- that amount was not contested, and the Court set the terms for payment of restitution. Defendant was aware of and on notice that restitution was a part of her sentence.

---

[66]*Id*. at 626.

[67]See *United States v. Pawlinski*, 374, F.3d 536, 539 (7th Cir. 2004); *United States v. Grimes*, 173 F.3d 634 (7th Cir. 1999).

[68]Doc. No. 22.

[69]Doc. No. 26.

All issues in connection with the Itemized Restitution amount are now moot because the Prosecution withdrew its request for Itemized Restitution. Not ordering restitution in this case would be antithetical to the purpose of the MVRA.

**III. CONCLUSION**

Accordingly, Defendant's Motion (Doc. No. 39) is DENIED and Defendant is ordered to pay restitution in the amount of $18,676.00 to Regions Bank, 500 N. Falls Boulevard, Wynne, Arkansas. Defendant is required to pay 10 percent of her gross monthly income towards the restitution amount until restitution is paid in full.

IT IS SO ORDERED this 9th day of April, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE